IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LINDA TOMPKINS-WELLS,

    Plaintiff,

vs.                                                No. 12-cv-03035-JTF-dkv

SHELBY COUNTY HEAD START,
AFSCME LOCAL 1733, HAVIER SMITH,
CHAD JOHNSON, and NETRA WEATHERBY

    Defendants.

---

REPORT AND RECOMMENDATION ON DEFENDANT AFSCME LOCAL 1733'S
MOTION TO DISMISS

---

Now before the court is the June 6, 2014 motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted filed by the defendant, American Federation of State, Municipal Employees, Local 1733 ("AFSCME.") (ECF No. 37.) Tompkins-Wells failed to file a response to the motion, and the time for responding has expired. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons set forth below, it is recommended that AFSCME's motion to dismiss be granted and that Tompkins-Wells's complaint be dismissed in full as to the AFSCME.

I.   PROPOSED FINDINGS OF FACTS

Tompkins-Wells began working for the defendant, Shelby County Head Start ("SCHS") as a teacher's assistant in 1993. (Compl., ECF No. 1 at 3.) In 1998, she was promoted to the position of teacher. She continued to work for SCHS in this capacity until 2011, when she was terminated. (*Id*.)

In January of 2010, Tompkins-Wells was injured on the job. (*Id*.) Four months after the injury, Tompkins-Wells's physician cleared her to return to work in May of 2010. (*Id*.) In 2011, Tompkins-Wells was re-injured on the job. (*Id*.) On September 23, 2011, SCHS terminated Tompkins-Wells's employment. (*Id*. at 2.)

Following her termination from her employment with SCHS, Tompkins-Wells filed a charge against SCHS with the Equal Employment Opportunity Commission (the "EEOC") alleging discrimination on the basis of her disability. The EEOC issued a notice of right to sue, which Tompkins-Wells received on September 11, 2012. (*Id*.) The Notice advised that she had ninety days in which to file suit against SCHS. (ECF No. *1-1.* )

Tompkins-Wells proceeding *pro se*, filed a complaint on November 30, 2012 against SCHS alleging that SCHS terminated her employment on the basis of a physical disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. (*Pro Se* Compl., ECF No. 1.) On December 5, 2012,

the court issued an order granting Tompkins-Wells leave to proceed *in forma pauperis*, (ECF No. 3).

Tompkins-Wells subsequently filed a motion to join "AFSCME" and three other individuals as defendants, (ECF No. 20), and a motion for leave to amend her complaint to state a claim against AFSCME and the three individuals. (ECF No. 19). The court granted Tompkins-Wells's motion, (ECF No. 24), and on March 28, 2014, Tompkins-Wells filed an amended complaint against AFSCME, Havier Smith, staff representative, Chad Johnson, director of Local 1733, and Netra Weatherby for "discrimination and wrongfully terminating and misrepresentation." (ECF No. 31.)

AFSCME was served on May 16, 2014. (ECF No. 32.) The three individual defendants have not been served. (ECF Nos. 33-35.)

I. PROPOSED CONCLUSIONS OF LAW

Although it is not clear from the amended complaint what claims Tompkins-Wells is asserting against AFSCME, the court will analyze whether the amended complaint states a claim for discrimination, wrongful discharge, and breach of duty of fair representation.

A. Standard for Rule 12(b)(6) Dismissal

AFSCME moves to dismiss Tompkins-Wells's suit against it for failure to state a claim on which relief can be granted. To

3

survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should

therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.  Discrimination Claim against the AFSCME

In her amended complaint, Tompkins-Wells alleges a cause of action against the AFSCME "[f]or misrepresentation and discrimination for eight (8) years service that [she] provided to the membership by wrongfully terminating [her] not being duly represented with the above defendant Shelby County Head Start." (Am. Compl., ECF No. 31 at 1.) Although Tompkins-Wells does not identify the basis of the alleged discrimination by AFSCME, the court, after considering the amended complaint as a supplement to her original complaint, construes the amended complaint as alleging "discrimination" by the AFSCME on the basis of a physical disability in violation of the ADA.

AFSCME contends that Tompkins-Well's claim of disability should be dismissed because she has not exhausted administrative remedies as to e AFSCME and any such claim at this point is time-barred. (Def.'s Mem. Supp. of Mot. to Dismiss, ECF No. 37 at 4-6.) A person seeking to bring a discrimination claim under the ADA in federal court must first exhaust [his] administrative remedies. *Williams v.* Northwest *Airlines,* 53 Fed. App'x 350, 351-352 (6th Cir 2002). The purpose of this requirement is to allow the EEOC the opportunity to convince the parties to resolve the matter by voluntary settlement rather than through litigation. *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 731-32 (6th Cir. 2006) (citing *Parsons v. Yellow Freight*

6

*Sys., Inc.*, 741 F.2d 871, 873 (6th Cir. 1984)). Administrative exhaustion involves (1) timely filing a charge of employment discrimination with the EEOC and (2) receiving and acting upon a statutory right-to-sue notice. *Granderson v. Univ. of Mich.*, 211 Fed. App'x 398, 400 (6th Cir. 2006)(citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment act or within 300 days of such an occurrence if the claimant first instituted proceedings with a state or local agency. *Williams v.* Northwest *Airlines,* 53 Fed. App'x 350, 351-352 (6th Cir 2002).

Tompkins-Wells's EEOC discrimination charge contains no allegation against the AFSCME, only against SCHS. She did not file an EEOC charge and obtain a right-to-sue letter with respect to AFSCME. SCHS terminated Tompkins-Wells's employment on September 23, 2011, and on March 23, 2012, she filed an EEOC charge against SCHS and received a right-to-sue letter on September 11, 2012. The complaint and amended complaint contain no allegations of any discriminatory conduct on the part of any of the defendants after that date, and the 300-day limitation period for filing any charges has expired.

Accordingly, it is recommended that Tompkins-Well's claim, if any, against ASFCME for discrimination based on

disability be dismissed for failure to exhaust administrative remedies.

C. <u>Wrongful Termination Claim against AFSCME</u>

To the extent Tompkins-Wells's complaint and amended complaint can be construed to allege a cause of action for wrongful termination against AFSCME, it too should be dismissed for failure to state a claim. The complaint and amended complaint contain no allegations whatsoever of any employment relationship between Tompkins-Wells and AFSCME. Rather, Tompkins-Wells clearly alleges in her complaint that she was employed by SCHS. (Compl., ECF No. 1 at 2.)

Accordingly, it is recommended that Tompkins-Well's claim, if any, against ASFCME for wrongful termination of employment be dismissed.

D. <u>Breach of Duty of Fair Representation Claim against AFSCME</u>

Tompkins-Wells's claim against the AFSCME for breach of duty of fair representation is barred by the applicable statute of limitations. The statute of limitations for a breach of duty of fair representation against a union is six months. *DelCostello v. Teamsters*, 426 U.S. 151, 164-65 (1983). The statute of limitations for such a claim begins to run when the plaintiff "knows or should have known of the union's alleged breach of its duty of fair representation." *Schoonover v.*

*Consol. Freightways Corp. of Delaware*, 49 F.3d 219, 221 (6th Cir. 1995).

In her amended complaint, Tompkins-Wells complains about AFSCME's representation of her beginning in September of 2011 and continuing up to February of 2012. Assuming that Tompkins-Wells knew or should have known about AFSCME's alleged breach of its duty of fair representation to her as early as September 2011, the statute of limitation would have run in March of 2012, six months later. Tompkins-Wells did not file her amended complaint against AFSCME until March 28, 2014, over two years after the statute of limitations had run on the claim.

Accordingly, it is recommended that Tompkins-Well's claim against ASFCME for breach of duty of fair representation be dismissed as untimely.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Tompkins-Wells's complaint against the AFSCME be dismissed in its entirety pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure.

Respectfully submitted this 11th day of August, 2014.

    s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.