IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LINDA TOMPKINS-WELLS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> SHELBY COUNTY HEAD START, ) <br> AFSCME LOCAL 1733, HAVIER SMITH, ) <br> CHAD JOHNSON, and ) <br> NETRA WEATHERSBY, ) <br> ) <br> ) <br> Defendants. ) | No. 12-cv-3035-JTF-dkv |

**ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT AFSCME'S MOTION TO DISMISS**

Before the Court is the Magistrate Judge's Report and Recommendation filed on August 11, 2014, ECF No. 46, that recommends granting the Defendant American Federation of State, County and Municipal Employees Union's ("AFSCME") Motion to Dismiss, ECF No. 37, and dismissal of Plaintiff's action. On August 25, 2014, Plaintiff filed Objections to the Magistrate Judge's report and recommendation.[1] (ECF No. 48). On August 26, 2014, Defendant AFSCME filed its Response in Opposition to Plaintiff's objections to the report and recommendation. (ECF No. 49).

The Court has reviewed *de novo* the Magistrate Judge's Report and Recommendation, the legal analysis, Plaintiff's objections, Defendant's response to Plaintiff's objections, and the entire record. The Court finds that the Magistrate Judge's Report and Recommendation, ECF No. 46, should be adopted and grants the Defendant AFSME's Motion to Dismiss for the reasons

---

[1] The Court recognizes "Plaintiff's Motion Opposition" as her written objections to the Magistrate Judge's report and recommendation filed in accordance with LR 72.1.

1

provided below.

## II. FINDINGS OF FACT

The Court adopts the Magistrate's proposed findings of fact as set out in her report and recommendation to which there were no objections. (ECF No. 46).

## III. STANDARD OF REVIEW

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. *See* 28 U.S.C. § 636(b)(1)(B). The rules provide that:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*See* 28 U.S.C. §636(b)(1)(B) and (C); Fed. Rule Civ. P. 72(b); *Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003).

The district court judge must review the Magistrate Judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003). Furthermore, the district court must review dispositive motions under the *de novo* standard. *Matthews v. Weber*, 423 U.S. 261, 275 (1976).

When evaluating a motion to dismiss under Fed. R. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant may be liable for the misconduct alleged. *Id.* citing, *Twombly*, 550 U.S. at 556. A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the complaint need not contain detailed factual allegations, a plaintiff should provide grounds of his entitlement to relief that require more than mere labels and conclusions. A formalistic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

On June 6, 2014, Defendant AFSCME Local 1733 filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 37). AFSCME claims that: 1) plaintiff has failed to exhaust her remedies against AFSCME, since it was not a party to Plaintiff's EEOC charge and the claims are now barred by the statute of limitations; 2) Plaintiff's employment was terminated by SCHS and not by AFSMCE; and 3) under the LMRA, Plaintiff as a public employee cannot sue her employer or its union. On August 8, 2014, Plaintiff filed her response in opposition to AFSCME's Motion to Dismiss. (ECF No. 44).

The Magistrate Judge issued her Report and Recommendation on August 11, 2014, that the Court grant AFSME's motion to dismiss. (ECF No. 46). On August 25, 2014, Plaintiff filed her written objections. (ECF No. 48). The Magistrate Judge recommended dismissal of the complaint in full against AFSCME because: 1) Plaintiff failed to exhaust her administrative remedies against AFSCME within the 300-day statutory period; 2) Plaintiff was not employed by AFSCME; and 3) the six-month statute of limitation period for breach of duty and fair representation claims against a union has expired. (ECF No. 46). Agreeing with the Magistrate

Judge's report and recommendation, AFSCME responded by referring to the arguments presented in its motion and memorandum to dismiss. (ECF No. 48 and ECF No. 49).

The Court liberally construes Plaintiff objections to the Magistrate Judge's report and recommendation as:

1) Plaintiff was unaware of the proper statute upon which to raise her claim, namely under the Americans with Disability Act instead of as a Title VII case;

2) The Court has not examined Plaintiff's ability to adequately represent herself;

3) The Magistrate Judge failed to investigate all of the underlying facts;

4) Plaintiff's request for relief is clearly stated;

5) A genuine issue of material fact exists in this case;

6) Defendant raised an issue resulting in the recommendation of dismissal of her case on a claim that she has not raised; and

7) Defendant's assertions that the statute of limitations and failure to exhaust are incorrect.

Based on these objections, Plaintiff argues the Court should deny AFSCME's Motion to Dismiss. (ECF No. 48). The Court will address each objection below.

1. **Plaintiff's Failure to Raise Her Claims under the ADA**

Plaintiff objects to the Magistrate's report, asserting that her claims against AFSCME were not properly raised pursuant to the ADA because she is not an attorney. The Court is well aware that *pro se* complaints are liberally construed and therefore, held to a less stringent standard than pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, *FSB,* 681 F.3d 355, 358 (6th Cir. 2012). As such, the Magistrate Judge correctly discarded the Title VII provisions in order to examine Plaintiff's complaint appropriately as an ADA claim.

The fact that Plaintiff failed to raise the claim under the proper statute has not caused her complaint to not survive AFSCME's motion to dismiss. Instead, the Magistrate Judge properly found that Plaintiff's purported claim against AFSCME for a violation of the ADA should be dismissed because Plaintiff has failed to exhaust her administrative remedies and because AFSCME was not her employer. (ECF No. 46, p. 6-8). The complaint indicates that Plaintiff filed an EEOC charge on March 23, 2012, wherein she only named SCHS. (ECF No. 1). Therefore, the right to sue letter issued on September 11, 2012 only provided that Plaintiff could proceed with legal action against SCHS. (ECF No. 1-1). The exhaustion of administrative remedies is a condition precedent to an ADA action. *Zipes v. TWA*, 455 U.S. 385, 392-398 (1982) and *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). Plaintiff's objection is overruled.

### 2. **Whether the Court Need Examine Plaintiff's Ability to Proceed *Pro Se***

Secondly, Plaintiff objects to the Magistrate Judge's report and recommendation on the basis that the Court never assessed whether she was adequately capable of representing herself in this matter. The appointment of counsel in a civil case is not a constitutional right, but a privilege granted only in exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The appointment of counsel to civil litigants is a decision left to the sound discretion of the Court and typically, only applicable when an issue of fundamental fairness arises that impinging on the party's due process rights. *See Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993) and *Henry v. City of Detroit Manpower, Dept*, 763 F.2d 757, 760 (6th Cir. 1985), *cert. denied*, 474 U.S. 1036. (ECF No. 45). Appointment of counsel is inappropriate when plaintiff's claims are frivolous or have an extremely slim chance of success. *See Hill v. Michigan*, 14 Fed. Appx. 401, 402 (6th Cir. 2001).

In denying Plaintiff's motion for appointment of counsel, the Magistrate Judge noted that Plaintiff's chances for success were slim thereby, precluding the need to appoint counsel in this matter. (Order Denying Motion for Appointment of Counsel, ECF No. 45, p. 3). The Court finds this objection should be overruled.

3. **Did the Magistrate Judge Fail to Investigate All the Facts?**

Plaintiff objects to the Magistrate Judge's report and recommendation asserting that she failed to investigate the facts in this case. Upon *de novo* review of the Magistrate's report and recommendation, it is clear that the Magistrate examined all of the relevant facts and the issues presented in the Defendant's motion to dismiss as well as any perceived arguments raised by Plaintiff.

The Magistrate Judge's proposed findings of fact detailed extensively Plaintiff's work history with SCHS. She expounded on Plaintiff's motion for leave to amend, granted said leave and elaborated on the allegations contained within Plaintiff's amended complaint wherein AFSCME, as well as, other union representatives were first added as defendant-parties to this litigation.[2] In reference to the Plaintiff's specific charges against AFSCME in the amended complaint, the Magistrate Judge substantively recommended that: 1) there were no allegations in her pleadings that Plaintiff was an employee of AFSCME and that, 2) the six-month statute of limitations barred a claim against the union for breach of its duty of fair representation. Based on the detailed analysis of both issues, there is no indication that any of the facts comprising Plaintiff's action against AFSCME were disregarded or overlooked by the Magistrate Judge. Therefore, this objection is overruled.

---

[2] The Magistrate Judge even noted that the individually named parties had not yet been served as of the date the report and recommendation was issued.

### 4. Plaintiff's Request for Relief is Clearly Stated

Plaintiff's fourth objection is that her request for relief is clearly stated. This objection is irrelevant. The amended complaint requests that Defendant SCHS reinstate Plaintiff's employment or that the jury award Plaintiff an amount of $950,000.00 in compensatory and $3,000,000.00 in punitive damages. (ECF No. 31, p. 3). It is immaterial that her request for relief is clearly stated when the amended complaint offers no viable legal theory against AFSCME for which relief may be granted in the first place. As the Magistrate Judge correctly concluded, and Plaintiff has conceded, AFSCME was not Plaintiff's employer. (Complaint and Amended Complaint, ECF Nos. 1 and 31). The Magistrate Judge correctly noted: 1) there is no obligation for the Court to search the record to find a viable claim against a defendant to a *pro se* action and, 2) as discussed above, the Magistrate Judge found no claim upon which relief could be granted against AFSCME, specifically an ADA violation. (ECF No. 46, pp. 6-7). This objection is also overruled.

### 5. A Genuine Issue of Material Fact Exists

Plaintiff objects to the Magistrate Judge's recommendation that the case against AFSCME be dismissed, asserting that a genuine issue of material fact exists. In order to overcome a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a Plaintiff must not demonstrate that a genuine issue of material fact exists, but rather must allege in her complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 668 (2009); *Twombly*, 550 U.S. at 570.

A claim is plausible if the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant may be liable for the misconduct alleged. *Id.* citing *Twombly*, 550 U.S. at 556. In order to establish a *prima facie case* for relief under the ADA,

Plaintiff must show that she: 1) is disabled within the meaning of the Act; 2) is otherwise qualified to perform the essential function of her job with or without reasonable accommodation and, 3) finally, suffered an adverse employment decision due to her disability. *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 811 (6th Cir. 1999). Because AFSCME was not Plaintiff's actual employer, the Magistrate Judge correctly concluded that AFSCME is not liable for her alleged wrongful termination. This objection must also be overruled.

6. **Defendant Raised a New Issue or Claim**

Plaintiff's sixth objection to the Magistrate Judge's report provides:

> 6. Plaintiff believes that the recommendation has misrepresented the pleadings of the plaintiff, as defendant forwarded the proposed dismissal to a cause not claimed by plaintiff, this court has acted on allegations to the disbelief of plaintiff that this instant claim was forwarded to the court on an issue not claimed by plaintiff.

(Plaintiff's Motion Opposition, ECF No. 48). Without more, it is difficult for the Court to construe how the Magistrate's report and recommendation misrepresented Plaintiff's pleadings or what cause or issue the Plaintiff finds objection.

The Sixth Circuit has emphasized that objections are to be specific in order to narrowly focus the district court's attention on the dispositive and contentious issues. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1992) *citing Thomas v. Arn*, 474 U.S. 140, 148 (1985) (review of an issue not contained in an objection prevents an inefficient use of judicial resources and avoids sandbagging the district judge by a litigant's failure to object and then filing an appeal). The failure to identify specific concerns with a Magistrate Judge's report allows the party's objection to be deemed a general objection, or a failure to object entirely.

*McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). Therefore, the Court need not consider this objection.

### 7. Failure to Exhaust and Statute of Limitations Findings

Finally, Plaintiff objects to the Magistrate Judge's proposed findings that she failed to exhaust her administrative remedies and that the statute of limitations has tolled. (ECF No. 48, p. 2). AFSCME has correctly argued that any claim against it was not exhausted based on Plaintiff's failure to file a charge against AFSCME with the EEOC. (ECF No. 37-1, p. 4). As the Magistrate Judge noted, the right to sue letter issued by the EEOC was based solely on the only charge filed with that agency against SCHS. Therefore, Plaintiff's alleged claims against AFSCME were not exhausted. Before filing a lawsuit, an ADA plaintiff must exhaust her remedies by filing a charge with the EEOC within 180 days of the alleged discrimination or with the state agency within 300 days. *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). Otherwise, federal courts lack subject matter jurisdiction. *Jones v. Sumser Retirement, VIII*, 209 F.3d 851, 853 (6th Cir. 2000).

Regarding the statute of limitations argument, the Courts look to when the grievant knew or should have known that the union had elected not to proceed any further with a grievance on her behalf. The six-month statute of limitations begins at that point. *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1236 (6th Cir. 1987); 29 U.S.C. §160(b). Based on the allegations contained in the amended complaint, Plaintiff's concerns regarding the grievance process and her employment were known as early as February 9, 2011. The Magistrate Judge correctly found the complaint against AFSCME is now time-barred based on her failure to file a timely charge with the EEOC and that her complaint was not filed in this court until November 30, 2012.

Accordingly, the Court finds that Plaintiff's objections are not grounded in law or fact and adopts the Magistrate Judge's Report and Recommendation, ECF No. 46, to grant Defendant AFSCME's motion to dismiss. The claims against Defendant AFSCME are dismissed in full.

**IT IS SO ORDERED** on this 29th day of September, 2014.

<u>*s/John T. Fowlkes, Jr.*</u>
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE