IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LINDA TOMPKINS-WELLS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 12-cv-3035-JTF-dkv |
| SHELBY COUNTY HEAD START, | ) |
| Defendant. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT SCHS'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE**

Before the Court is the Magistrate Judge's Report and Recommendation entered on August 14, 2014 that recommended granting Shelby County Head Start's ("SCHS") Motion for Summary Judgment. (ECF No. 27 and ECF No. 47). On August 28, 2014, Plaintiff filed written objections to the Report and Recommendation.[1] (ECF No. 50). On the following day, SCHS filed its response to Plaintiff's objections. (ECF No. 51).[2]

Upon a *de novo* review of the Magistrate Judge's Report and Recommendation, Plaintiff's objections, Defendant's response, and the entire record, the Court finds the Report and Recommendation should be adopted and SCHS's Motion for Summary Judgment granted.

## II. FINDINGS OF FACT

In summary, Plaintiff contends that she began her employment with Shelby County Head Start ("SCHS") as a teacher's assistant in 1993 and was promoted to classroom teacher in

---

[1] The Court recognizes Plaintiff's pleading, "Plaintiff's Motion Opposition," as her written objections to the Magistrate Judge's Report and Recommendation pursuant to Fed. R. Civ. P. 72(b)(2).
[2] In the Response in Opposition, SCHS merely incorporates by reference the arguments propounded in its Motion for Summary Judgment, Statement of Undisputed Facts, and Supporting Memorandum and Exhibits filed on March 27, 2014. (ECF No. 27, ECF No. 27-2 though ECF No. 27-4).

1998. She worked in this capacity until her termination on September 23, 2011. (ECF No. 38-1, pp. 19-20). Plaintiff asserts that on January 21, 2010, she injured her back while assisting a child with her clothing. Due to her injury, she was unable to return to work until May of 2010. The following year, Plaintiff was again injured on-the-job, subsequently leading to her termination on September 13, 2011. Due to her termination, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against SCHS that alleged employment discrimination in violation of Title VII of the Civil Rights Act. Based on its investigation, the EEOC was unable to conclude that the Defendant had violated any of the applicable statutes but issued a Right to Sue notice to Plaintiff on September 11, 2012.[3] (ECF No. 1-1). Proceeding *pro se*, Plaintiff filed this action against SCHS on November 30, 2012, for discrimination based on her physical disability. (ECF No. 1).

On March 25, 2013, the matter was referred to the Magistrate Judge for administration, determination, or for report and recommendation of all preliminary and pretrial matters pursuant to 28 U.S.C. § 636 (b) and Fed. R. Civ. P. 1. (ECF No. 4). On March 28, 2014, Plaintiff amended her Complaint adding AFSCME International, Local 1733 along with individually named AFSCME representatives, Staff Representative Havier Smith, Union Director Chad Johnson and Netra Weathersby. (ECF No. 26 and ECF No. 31). On September 29, 2014, the Court adopted the Magistrate Judge's Report and Recommendation issued on August 11, 2014, and dismissed all claims against AFSCME. (Order, ECF No. 52). On December 19, 2014, the Court ordered the Plaintiff and representatives of SCHS to participate in mediation by February 27, 2015. (Order, ECF No. 56). Mediation was unsuccessful.

The Court adopts the Magistrate Judge's proposed factual findings that: 1) during the entirety of her employment as a SCHS teacher, Plaintiff instructed and supervised children

---

3 (ECF No. 1-1, ECF No. 38-1, and Exhibit J).

between the ages of three to five years old; 2) the updated job description required that teachers have the ability to lift forty pounds, communicate, interact, engage with the students at their level; and sit on the floor or in preschool-aged student chairs;[4] 3) Plaintiff stipulated to the job requirements provided in the Classroom Teacher position description and, 4) Plaintiff sustained two on-the-job injuries: one in January 2010 for which she submitted an injury report and again, in 2011 which she did not report to SCHS.[5]

On August 11, 2011, Plaintiff's treating physician, Dr. Samuel Schroerlucke, issued a report that Plaintiff was not medically cleared to perform four of the six essential functions of a SCHS classroom teacher.[6] On September 19, 2011, Dr. Schroerlucke again noted that Plaintiff's condition was the same and that she lacked the ability to perform the core requirements for her position.[7] After her termination from employment with SCHS on September 23, 2011, Plaintiff did not apply for any other position within SCHS or Shelby County Government. (*Id*. at p. 10).

### III. STANDARD OF REVIEW

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. *See* 28 U.S.C. § 636(b)(1)(B). The rules provide that:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit

---

[4] The job description formerly required teachers to be able to lift up to seventy- five pounds. (ECF No. 27-4, p. 2).
[5] The Magistrate Judge determined that Plaintiff had failed to comply with Fed. R. Civ. P. 56(c)(1) or L.R. 56.1(b) by failing to respond to each fact asserted by SCHS. Therefore, the Magistrate Judge adopted as undisputed the proposed factual findings offered by SCHS pursuant to Fed. R. Civ. P. 56 (e)(3). (ECF No. 27-1).
[6] Those functions were 1) the ability to lift forty pounds; 2) the ability to move quickly enough to keep pace with toddlers; 3) the ability to bend at the waist, kneel, or crunch to maintain direct eye contact with toddlers; and 4) the ability to sit on the floor and/or in preschool chairs. (ECF No. 47, p. 8 and, ECF No. 27-4, Exhibit 6).
[7] ECF No. 27-4, Exhibit 7.

3

the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1)(B) and (C); Fed. R. Civ. P. 72(b); and *See Baker v. Peterson*, 67 F. App'x. 308, 311 (6th Cir. 2003).

The district court judge must review the magistrate judge's proposed findings of fact and recommendations under a *de novo* determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 F. App'x. 308, 311 (6th Cir. 2003). The district court judge must also review dispositive motions under the *de novo* standard. *Matthews v. Weber*, 423 U.S. 261, 275 (1976).

## IV. ANALYSIS

Federal R. Civ. P. 56(a) provides that the Court shall grant summary judgment if the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009); *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009). One may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, the non-movant must present "concrete evidence supporting [her] claims." *Cloverdale Equip. Co. v. Simon Aerials, Inc.,* 869 F.2d 934, 937 (6th Cir. 1989) (citations omitted); *see* Fed. R. Civ. P. 56(c)(1). The district court does not have the duty to search the record for such evidence. *See* Fed. R. Civ. P. 56(c)(3); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

The Magistrate Judge concluded that Plaintiff had failed to individually and specifically address the facts asserted by SCHS and had simply attached numerous inadmissible exhibits to her response without explaining their relevance to the summary judgment motion. Specifically, the Report and Recommendation proposed two conclusions of law that: 1) Plaintiff has not refuted SCHS's undisputed statement of material facts, and 2) Plaintiff had failed to establish a

*prima facie* case of disability discrimination pursuant to the ADA. Therefore, the Magistrate Judge recommended that the Court grant SCHS' motion for summary judgment. (ECF No. 47, pp. 4-5).

1. **<u>Did Plaintiff Refute SCHS's Statement of Undisputed Material Facts?</u>**

The Supreme Court has held that although Fed. R. Civ. P. 56(e) applies with equal force to *pro se* litigants, a strict application of the requirements of Rule 56 usually imposes an insuperable hardship on a *pro se* litigant based on the layperson's inability to discern her obligations from reading the rule. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). The Sixth Circuit has held that ordinary civil litigants proceeding *pro se* are not entitled to special treatment, including assistance in reference to responding to dispositive motions. *McKinnie v. Roadway Express, Inc.,* 341 F.3d 554, 558 (6th Cir. 2003) *citing*, *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988)(*pro se* defendants are not entitled to special treatment when responding to a summary judgment motion).

Citing *Worthy v. Mich. Bell Tel., Co*., 472 F. App'x 342, 343 (6th Cir. 2012), the Magistrate Judge concluded that certain exhibits that were attached to Plaintiff's supplemental response to SCHS's summary judgment motion should be struck because they would be inadmissible at trial.[8] *Zainalian v. Memphis Bd. of Educ*., 3 F. App'x 429, 431 (6th Cir. 2001). (ECF No. 47, pp. 4, 12-14). In balancing the Court's desire to afford Plaintiff an opportunity to fully respond to the allegations in Defendant's motion for summary judgment, the undersigned Court considered all of the documents in making its ruling. However, the fact remains that after her termination from employment with SCHS on September 23, 2011, Plaintiff did not apply for any other position within Shelby County Government. (ECF No. 27-3, pp. 27-29). Defendant's

---

[8] Specifically, the Exhibits that were not considered by the Magistrate Judge's report were ECF No. 38-1, Exhibits A-I, and Exhibits L-O. Exhibit N was deemed inadmissible by the Magistrate Judge without objection by SCHS. (ECF No. 47, p. 14). Exhibits J and K were deemed admissible. (Report and Recommendation, ECF No. 47, p. 12.)

Statement of Undisputed Facts provides:

> 24. Plaintiff never applied for any other position with Defendant after her termination for [sic] Shelby County Head Start in September 2011.

(ECF No. 27-1).

Plaintiff conceded that she did not apply for other positions within Shelby County Government after her termination but submitted affidavits from other coworkers who were offered other positions after sustaining similar injuries. (ECF No. 38-1, Exhibits A-O). The record includes a letter from Headstart Director John Lovelace that advised Plaintiff, "We are willing to contact Shelby County Human Resources in order to assist you in locating other employment options within Shelby County that better suit your physical abilities, if such positions are available." However, the Court finds Defendant SCHS was not obligated to accommodate Plaintiff if she failed to officially apply for other positions within Shelby County Government for which she was qualified. (ECF No. 38-1, p. 20).

**2. Has Plaintiff Failed to Establish a *Prima Facie* Claim against SCHS under ADA?**

First, the Court agrees with the Magistrate's determination that Plaintiff's claim arises under the ADA instead of Title VII. *Johnson v. Cleveland City School Dist.,* 443 F. App'x 974, 966 (6th Cir. 2011). Within her complaint, Plaintiff alleges that because of her on-the-job injuries, she is unable to sit on the floor or in student chairs, crouch to eye level and lift forty pounds. (Complaint, ECF No. 1, ¶9d and ¶10; Amended Complaint, ECF No 31, ¶13).[9] Plaintiff contends that because of her physical disabilities, she was terminated from her employment as a teacher with SCHS. This allegation comprises a claim under the ADA.[10] *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 810 (6th Cir. 1999).

---

[9] Plaintiff's undisputed physical limitations are supported by her physicians' statements. (ECF No. 38-1, p. 17 and Ex. B).
[10] The Magistrate Judge did not recommend that SCHS's motion for summary judgment should be granted because Plaintiff had alleged an incorrect theory of law. Instead, the Magistrate Judge concluded that Plaintiff had failed to establish the necessary

In order to make out a *prima facie* case of employment discrimination under the American with Disabilities Act ("ADA"), 42 U.S.C. §12112, a plaintiff must show that: 1) she is disabled; 2) she is otherwise qualified for the position, with or without reasonable accommodation; 3) she suffered an adverse employment decision; 4) the employer knew or had reason to know of plaintiff's disability; and 5) the position remained open when the employer sought other application or the disabled individual was replaced. *See Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011).

Plaintiff readily satisfied the first element required to allege a *prima facie* case of disability discrimination-that she is in fact disabled. *Id.* at 17. Although Plaintiff's disability is entirely undisputed, SCHS asserts that Plaintiff has failed to meet the threshold requirement of an ability to perform her job without reasonable accommodation as required under the ADA. (ECF No. 27-2, pp. 4-5, SCHS's Statement of Undisputed Facts, ECF No. 27-1). Agreeing with the Magistrate Judge, the Court finds that Plaintiff has not established that she is otherwise qualified for a teaching position with SCHS without reasonable accommodation. Furthermore, the Magistrate Judge has correctly determined that Defendant cannot reasonably accommodate Plaintiff's physical limitations as a SCHS teacher. (ECF No. 47, pp. 19-20). *Johnson v. Cleveland City School Dist.*, 443 F. App'x 974, 988 (6th Cir. 2011); *Macy v. Hopkins Cnty. School Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007).[11] Therefore, Plaintiff is unable to make a *prima facie* case of discrimination under the ADA. *See Celotex*, 477 U.S. at 323 and *Johnson*, 443 F. App'x. at 983.

---

elements for a viable claim under the correct theory of law, an ADA claim.

[11] In the Health Record dated September 19, 2011, Dr. Samuel Schroerlucke indicated that Plaintiff could not lift forty pounds, could not move quickly enough to keep pace with toddlers; could not bend at the waist, kneel, crunch to maintain direct eye contact with children; could not sit on the floor and/or preschool chairs, all requirements of her position as a SCHS teacher. In a subsequent medical report submitted by Dr. Jeffery Zsohar dated March 27, 2012, Plaintiff's physician adopted the findings from Plaintiff's former examination while indicating that she still could not lift 40 pounds, or sit on the floor and or preschool chairs. (SCHS, Adult Health Record, ECF No. 27-4, p. 7).

**3. Plaintiff's Objections to the Report and Recommendation**

Plaintiff filed her Objections to the Magistrate's Report and Recommendation regarding SCHS's Motion for Summary Judgment on August 28, 2014. (ECF No. 50). The Court liberally construes Plaintiff's objections to the Magistrate Judge's Report and Recommendation as:

1) Plaintiff requests that the Court conduct a fact-finding hearing on her claims of discrimination and civil rights violations but not on her physical ability to perform her job;

2) Plaintiff is disadvantaged based on her lack of legal training; a similar objection is raised in Objection Number 6;

3) Plaintiff's claim has been overlooked by the Magistrate Judge;

4) Plaintiff was under duress and fear during her deposition;

5) The Magistrate Judge is biased;

6) Same as Number 2, that she is untrained in the law;

7) Plaintiff's claim is based in discrimination and civil rights; and

8) Other SCHS employees who were similarly situated were treated differently and her affidavits in support of this argument were disregarded by the Magistrate Judge;

Plaintiff argues that based on these objections, the Court should not grant SCHS's Motion for Summary Judgment. (ECF No. 50). On August 29, 2014, SCHS filed its Response to Plaintiff's objections, incorporating by reference its arguments in the Motion for Summary Judgment, supportive memorandum and exhibits previously filed on March 27, 2014. (ECF No. 51).

1. Was A Fact-Finding Hearing Necessary?

Plaintiff first objects that the Magistrate Judge failed to conduct a fact- finding hearing on her discrimination claims. The Federal Magistrate's Act provides that the district court make a *de novo* determination of rulings by magistrate judges on a wide range of motions, including

motions to dismiss and for summary judgment. See 28 U.S.C. §636(b)(1)(B). These motions presume that an evidentiary hearing is not needed, even at the magistrate's level. *Raddatz*, 447 U.S. at 693-694. Based on the pleadings offered by the parties in this case, the Magistrate Judge properly determined there was no need to hear from witnesses or receive additional evidence regarding her discrimination claims during a hearing. Furthermore, the undersigned Court considered the additional evidence offered by the Plaintiff in support of her allegations. *See* Fed. R. Civ. P. 72(b) and *Baker v. Peterson*, 67 F. App'x. 308, 311 (6th Cir. 2003). Therefore, this objection is overruled.

    2. <u>Was Plaintiff Disadvantaged</u>?

Next, in her second and sixth objections, Plaintiff contends she is disadvantaged because she is not an attorney. The Supreme Court noted in *Haines v. Kerner*, 404 U.S. 519, 521 (1972), that allegations contained in a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by attorneys. However, the Court determined that despite the in-artfully drawn pleadings in that case, the petitioner could not prove any set of facts in support of his claim which would entitle him to relief. *Id.* Similarly, this Court has held the pleadings in this matter to a lesser standard, only to find that Plaintiff cannot establish a *prima facie* case of discrimination under the ADA. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)("[W]hile ***pro se*** litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). The Court has construed the complaint in a light most favorable to a non-moving party even considering the additional evidence offered by Plaintiff in the form of supporting

9

affidavits and letters. *See Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989). Therefore, Plaintiff has not been disadvantaged by her non-attorney status. This objection is overruled.

   3. Did the Magistrate Judge Overlook Plaintiff's Claim?

Plaintiff's third objection is that the Magistrate Judge overlooked her claim. This objection is also without merit. Initially, the Magistrate Judge found Plaintiff's first response in opposition to the summary judgment motion, ECF No. 29, so lacking, that she allowed Plaintiff an additional forty-five (45) days in which to adequately respond. (Motion for Continuance, ECF No. 30, Text Order Granting Additional Time to File Amended Response, ECF No. 36). Secondly, the Magistrate Judge examined each and every attachment to Plaintiff's amended response and determined whether it could be considered in her Report and Recommendation. *See Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, L.P.A., 12 F.3d 1382, 1389-1390 (6th Cir. 1993). Finally, during her review of the exhibits, the Magistrate Judge explicitly proposed that Plaintiff failed to: 1) dispute SCHS's assertions of undisputed facts or demonstrated how the purported exhibits, if admissible, supported her claims and, 2) assert a *prima facie* case of discrimination under the ADA. *Whitfield,* 639 F.3d at 259-260. Therefore, the Report and Recommendation clearly reveals that Plaintiff's claim was fully examined by the Magistrate Judge. (ECF No. 47, pp. 4-7). Accordingly, this objection is also overruled.

   4. Was Plaintiff Under Duress?

Plaintiff's fourth objection is that she was under duress and intimidated by Defendant's counsel during her deposition. "In particular, a willfully unrepresented plaintiff volitionally assumes the risk and the hazards which accompany self- representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). These risks presumably include intimidation, fear, and lack of knowledge regarding the law. "Plaintiff may

not purposely use [her] *pro se* status in an attempt to avoid the rules or otherwise gain an advantage." *Rieger v. General Dynamics Information Tech., Inc.*, No. 3:13-cv-402, 2014 WL 7330755, *3 (W.D. Ohio. May 29, 2014) citing, *Jourdan*, 951 F.2d at 109. The possibility that Plaintiff's lack of legal training may have caused her to be intimidated by Defendant's counsel is without consequence. Even if her allegation of being under duress were true, a review of the entire record clearly shows that her claims are unsupported. This objection is overruled.

     5. <u>Is The Magistrate Judge Biased</u>?

In her fifth objection, Plaintiff argues without any legal authority or supporting facts that the Magistrate Judge is biased. The narrowly tailored objective standard regarding judicial bias is "whether an average judge in [her] position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.' " *See Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 881 (2009). There is nothing in the record or a connection to any of the parties that remotely suggests that the Magistrate Judge in this case is not a neutral jurist in this matter. This objection is overruled.

     7. <u>Plaintiff's Claim is Based on Discrimination and Civil Rights</u>?

Plaintiff's seventh objection contends that her case is based in discrimination and civil rights. Without more elaboration regarding this argument, the Court finds no need to address this assertion. The case is rightfully being considered by the Court as a claim under the ADA against SCHS for an adverse employment decision, termination, based on her physical disability. The Court has liberally reviewed the record, including the proposed affidavits, and found that Plaintiff has not offered enough evidence to make a *prima facie* case of discrimination as a matter of law. There is no evidence in the record that Plaintiff was qualified to perform her job based on her inability to meet the job requirements. Furthermore, Plaintiff has not suggested nor

11

is Defendant able to reasonably accommodate her for a teaching position with SCHS. This objection is overruled.

    8. Affidavits

Finally, Plaintiff's last objection is that her supporting affidavits were disregarded by the Magistrate Judge. Based on the Rules of Evidence, the Magistrate Judge properly disregarded the affidavits. As stated above, there is documentation, although not all in strict conformity with the federal or local rules, that others may have been treated differently than Plaintiff. SCHS provided portions of Plaintiff's deposition that indicate the basis for Plaintiff's claim:

> Q. **(By MR. VARELA)** Can you - - why don't you tell me what facts gave rise to you filing this lawsuit; what happened? Why did this lawsuit come about?
>
> A. This lawsuit came about when other people has got hurt on the job and they were actually put in another position as a teacher or teacher assistant.

(Plaintiff's Deposition, ECF No. 27-3, p 11.)
. . . .
> A. Because they, Head Start, found work for other employees and they didn't find me any other work.

(Deposition, ECF No. 27-3, p. 97). The undersigned Court considered the affidavits proffered by Plaintiff. Even if Plaintiff's argument is true, the controlling factor is that Plaintiff admittedly failed to apply for another position within Shelby County Government as required. She is also unable to prove that she is qualified for a teaching position with SCHS, thereby rendering her unable to establish a *prima facie* case of ADA discrimination. *Whitfield,* 639 F.3d at 259-260. This objection is also overruled.

## **CONCLUSION**

Upon a *de novo* review, the Court concludes that the Magistrate Judge's Report and Recommendation should be adopted and SCHS's Motion for Summary Judgment pursuant to

Fed. R. Civ. P. 56, ECF No. 37, is Granted. Accordingly, this case is DISMISSED with prejudice.

    **IT IS SO ORDERED** on this 23rd day of March, 2015.

                                                 ***s/John T. Fowlkes, Jr.***
                                                JOHN T. FOWLKES, JR.
                                                UNITED STATES DISTRICT JUDGE